IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUMPY CAT LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 23-cv-3511<br><br>Judge Charles P. Kocoras |

**FINAL JUDGMENT ORDER**

This action having been commenced by GRUMPY CAT LIMITED against the defendants identified in the attached Amended Schedule A and using the Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified in Amended Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of the GRUMPY CAT LIMITED trademarks and copyrights (U.S. Trademark Registration Nos. 4,907,212; 5,516,378; 4,820,434; 4,417,549; 4,672,289; 5,073,528; 4,527,097; 4,930,286 and 4,907,213 and Copyright Registration Nos. VA 1-911-607; VA 1-882-406; VA 1-963-544; VA 1-996-074; VA 2-023-702; VA 2-111-353; VA 2-134-675; VA 1-886-880; VA 1-966-135; VA 1-941-449; VA 2-008-316; VA 1-962-679; TX 8-617-793; VA 1-939-990; VA 1-899-887; VA 1-901-628; VA 1-859-983; VA 1-849-042; VA 1-849-044; and VA 1-849-043 (the "GRUMPY CAT Trademarks and Copyrights").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), copyright infringement (17 U.S.C. § 501), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the GRUMPY CAT Trademarks and Copyrights or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine GRUMPY CAT Product or is not authorized by Plaintiff to be sold in connection with the GRUMPY CAT Trademarks and Copyrights;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine GRUMPY CAT Product or any other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the GRUMPY CAT Trademarks and Copyrights;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the GRUMPY CAT Trademarks and Copyrights and damaging Plaintiff's goodwill;

   e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the GRUMPY CAT Trademarks

       and Copyrights or any reproductions, counterfeit copies or colorable imitations thereof;

    f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts that are being used to sell or are the means by which Defaulting Defendants could continue to sell Counterfeit or Infringing Products; and

    g. operating and/or hosting websites operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the GRUMPY CAT Trademarks and Copyrights or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine GRUMPY CAT Product or is not authorized by Plaintiff to be sold in connection with the GRUMPY CAT Trademarks and Copyrights.

2. Under 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of GRUMPY CAT Trademarks and Copyrights in connection with products sold through at least the Defendant Internet Stores.

3. Amazon.com, Inc. ("Amazon"), Artistshot.com ("Artistshot"), Payoneer.com ("Payoneer") and Walmart.com ("Walmart") shall, within five (5) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified in Amended Schedule A, from transferring or disposing of any money or other of Defaulting Defendants' assets.

4. All monies currently restrained in Defaulting Defendants' financial accounts held by Amazon, Artistshot, Payoneer and Walmart, is hereby released to Plaintiff as partial

payment of the above-identified damages, and Amazon, Artistshot, Payoneer and Walmart is ordered to release to Plaintiff the amounts from Defaulting Defendants Amazon, Artistshot, Payoneer and Walmart accounts within ten (10) business days of receipt of this Order.

5. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Amazon, Artistshot, Payoneer and Walmart if any new Amazon, Artistshot, Payoneer and Walmart accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon, Artistshot, Payoneer and Walmart shall within five (5) business days:

   a  Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon, Artistshot, Payoneer and Walmart accounts;

   b  Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c  Release all monies restrained in Defaulting Defendants' Amazon, Artistshot, Payoneer and Walmart accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

6. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by

Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within five (5) business days:

    a. Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

    b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. Release all monies restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

7. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Bryan B. Bundesen and any e-mail addresses provided for Defaulting Defendants by third parties.

8. The ten thousand dollar ($10,000) surety bond posted by Plaintiff is hereby released via certified mail to counsel of record for Plaintiff, Michael A. Hierl of Hughes Socol Piers Resnick & Dym, Ltd. at Three First National Plaza, 70 W. Madison Street, Suite 4000, Chicago, IL 60602.

9. This is a Final Judgment

SO ORDERED

Dated: November 16, 2023

                                          *Charles P. Kocoras*
                                          Charles P. Kocoras
                                          United States District Judge

**AMENDED SCHEDULE A**

| No. | Defendant Name / Alias |
|---|---|
| 1 | gail93766 |
| 2 | hugemelons |
| 3 | JAMESPHILLIPSTANOUS |
| 4 | JULIETSTEVETTASINGLETON |
| 5 | kuhlmanulises23 |
| 6 | MikaelaLynnHolbrook |
| 7 | pestmasons |
| 8 | schillerelroy788 |
| 9 | shanie31601 |
| 10 | steegova |
| 11 | Suci |
| 12 | tarnilot |
| 13 | AyzzaStore11 |
| 14 | BIllowSMEIMIN |
| 15 | CONSTITUTIONxy |
| 16 | dinhthien2003amztb |
| 17 | Duongquanghuy Shop |
| 18 | DuyShop Store |
| 19 | fHYTF |
| 20 | hongxuanyun01 |
| 21 | HungStore789 |
| 22 | KitMax |
| 23 | lesyduyanhamztb2000000 |
| 24 | nafgsjk |
| 25 | Ngochung Shop |
| 26 | Nobita store 1 |
| 27 | Pingqi Drugstore |
| 28 | Thuong Shop |
| 29 | Vanbac Shop |
| 30 | xianjunqishangmaoyouxiangongsi |
| 31 | XiuYiXi |
| 32 | 北京盛和润东商贸有限公司 |
| 37 | HC NJ |
| 39 | Bakari10 |
| 40 | berkenby |
| 41 | bestgift133 |
| 42 | BLACKSTONE |
| 43 | chomibe |
| 44 | danidikadi |
| 45 | Disgus_Thing |
| 46 | foryourstyle |

| | |
|---|---|
| 47 | haocovaccaj |
| 48 | heocaca |
| 49 | homyfelaego |
| 50 | hyong5i4 |
| 51 | Jonsalex888@gmail.com |
| 52 | macklinsampson |
| 53 | musycksennaax |
| 54 | namnguyen |
| 55 | Pannell Quintero |
| 56 | septomaguwo |
| 57 | simonettemjnn |
| 58 | siniszeger |
| 59 | spreesgomez |
| 60 | toraprqwfg |
| 61 | xodagahewe |
| 62 | yenbuihv |
| 63 | 10PM Store |
| 64 | AlexNXX |
| 66 | Artpainted |
| 67 | BFF Car Decor Store |
| 69 | BZGWECD SHOP US |
| 73 | Delaman |
| 75 | Extramon |
| 77 | gaozaobanusshop |
| 78 | Ghini Canvas Art |
| 79 | HA MY SHOP 02 |
| 81 | Hipowebiok |
| 82 | HUI JIN SHOP |
| 83 | JIALIAOSHANGMAO |
| 84 | jilinshengzuoqingshangmaoyouxiangongsi |
| 90 | putianshichengxiangqulijinguobaihuoshanghang |
| 91 | PVATBL_Store |
| 92 | qionghaishixixiangshangmaoyouxiangongsI |
| 93 | Si liancheng |
| 96 | Sun Store USA |
| 97 | TB8991 Store |
| 100 | Woshiduiniyijianzhongqing |
| 102 | Xinyu Deao Trading Co., Ltd. |
| 104 | YEAH |
| 106 | yuefeiusshop |
| 107 | ZhangShuYanxiaodian |
| 108 | zhengzhoukaizhenshangmaoyouxiangongsi |
| 110 | BAOLAIWENHUA |
| 116 | Monzoto |
| 118 | Tianqijiaoyuzixun Co. ltd |